UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEREK JORDAN, | : | |
|     Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:03-cv-371 (JCH) |
| v. | : | |
| | : | |
| JOHN ASHCROFT, Attorney General | : | |
|     Respondent. | : | DECEMBER 22, 2003 |

**RULING DENYING
PETITION FOR WRIT OF HABEAS CORPUS
AND STAY OF REMOVAL [Dkt. No. 1]**

Petitioner Derek Jordan requests that this court grant his petition for the writ of habeas corpus [Dkt. No. 1] brought pursuant to 28 U.S.C. § 2241. In his petition, Jordan argues that, because the Connecticut statute under which he was convicted is broader than the federal criminal statute to which the immigration statute refers, the Immigration and Naturalization Service ("INS") failed to establish that he committed a deportable offense under Woodby v. INS, 385 U.S 276 (1966). As a result of the petitioner's failure to exhaust his administrative remedies, the court finds that it lacks subject matter jurisdiction. Therefore, without deciding the underlying substantive claim, the court denies the petition for a writ of habeas corpus.

**I.     FACTS AND PROCEDURAL HISTORY**

Petitioner Derek Jordan, a 39-year-old citizen of the Republic of Trinidad and

Tobago, entered the United States as a legal permanent resident in April of 1973 at the age of nine.

On January 2, 1997, Jordan pled guilty to and was convicted of possession of narcotics with intent to sell, in violation of Connecticut General Statutes § 21a-277(a). Based on this conviction, on May 7, 1997, the INS initiated removal proceedings against Jordan. The Notice to Appear alleged that he was subject to removal pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA" or "the Act")[1] for having been convicted of an aggravated felony as defined in § 101(a)(43) of the Act. At the removal hearing, after the immigration judge (IJ) orally concluded that Jordan was removable based on "clear, convincing and unequivocal evidence," counsel for Jordan conceded deportability. See Response [Dkt. 7], Ex. A-3: Trans. of Removal Proceedings, at 4, 5-6.[2] The IJ ordered Jordan deported. See Response, Ex. A-4: Order of the IJ. In his appeal to the Board of Immigration Appeals ("BIA"), where he was again represented by counsel, Jordan raised a number of issues, none of which relate to the claim he now raises in his habeas petition. The BIA denied the appeal in a written order which addressed the

---

[1] 8 U.S.C. § 1227(a)(2)(A)(iii).

[2] At the hearing, Jordan's counsel did ask whether the court had a certified copy of the record of conviction and conceded deportability only on the grounds that there was such a copy in the record. However, counsel never raised the "aggravated felony" issue now raised in the instant petition.

various issues raised by Jordan's appeal.  See Response, Ex. A-7: BIA Order, dated August 9, 1999, at 1-2.  Jordan subsequently filed this petition for the writ of habeas corpus.

## II.  DISCUSSION

In his petition, Jordan raises for the first time a claim under Woodby v. INS, 385 U.S 276 (1966), that, because the Connecticut statute under which he was convicted is broader than the federal criminal statute to which the immigration removal statute refers, the INS failed to establish that he committed a deportable offense.  Cf. Gousse v. Ashcroft, 339 F.3d 91 (2d Cir. 2003)(concluding that petitioner's conviction for "sale of hallucinogen/narcotic" under Conn. Gen. Stats. § 21a-277(a) constituted a removable "aggravated felony" as defined by INA § 101(a)(43)(B), see 8 U.S.C. § 1101(a)(43)(B), at least when removal proceedings were initiated on February 3, 2000).  Notably, at his removal proceedings before the IJ, Jordan's counsel conceded deportability and then failed to raise the Woodby issue in his appeal to the BIA.

In general, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself" Howell v. INS, 72 F.3d 288, 291 (2d Cir. 1995).  The requirement of administrative exhaustion can be either statutorily or judicially imposed.  See Beharry v. Ashcroft, 329 F.3d 51, 56 (2d Cir. 2003).  "This Court has explained that the distinction between the two

exhaustion requirements can be 'pivotal' because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." Id. (internal citation omitted).

The explicit statutory language requiring exhaustion of agency remedies before appeal of an immigration judge's decision to the federal district court appears in INA § 242(d)(1). See 8 U.S.C. § 1252(d)(1)(successor provision to INA § 106(c), which was formerly codified at 8 U.S.C. § 1105a(c)).³ Under this provision, "[a] court may review a final order of removal only if -- (1) the alien has exhausted all administrative remedies available to the alien as of right . . . ." Id. As the Second Circuit Court of Appeals in Sousa v. INS, 226 F.3d 28 (2d Cir. 2000), stated:

> Whatever our own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion. The Supreme Court regards exhaustion requirements imposed by statute as more rigid than the common law doctrine, even though (as here) the statutes are rarely explicit in ruling out exceptions. Not much precedent exists as to section 242(d), but it merely "restates" its precursor, former INA section 106(c) (codified at 8 U.S.C. § 1105a(c) (1994)). H.R. Conf. Rep. No. 104-828, 1996 WL 563320, at *478 (Sept. 24, 1996). And most circuits, including this one, have described former INA section 106(c) as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency.

226 F.3d at 31-32 (footnote omitted).

---

³ Section 1252(d)(1) applies to the instant petition. Here, the INS commenced removal proceedings against Jordan on May 7, 1997, after the April 1, 1997 effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546 (1996).

After careful examination of the relevant statutory language, the Second Circuit in Beharry v. Ashcroft, 329 F.3d 51 (2d Cir. 2003), suggested in dicta that the question of whether the INA's statutory exhaustion requirement applies to habeas petitions remains open. See 329 F.3d at 61-63 ("We do not and need not decide whether § 106(c) imposes a statutory exhaustion requirement on habeas petitioners like Beharry, because Beharry's failure to raise his § 212(h) claim below cannot be excused whether the exhaustion requirement is statutorily or judicially imposed."). In fact, in Theodoropoulos v. INS, a decision issued only a month and a half before Beharry was argued, the Second Circuit applied § 242(d)(1)'s statutory exhaustion requirement to the habeas petition before it and held that the petitioner's failure to exhaust on statutory grounds deprived the court of subject matter jurisdiction. See 313 F.3d 732, 736-37 (2d. Cir. 2002).

Notably, the Second Circuit in Beharry suggested, also in dicta, that the Second Circuit had not "been squarely confronted with the question whether St. Cyr[4] prohibits the application of the INA's statutory exhaustion requirement [under § 106(c), the predecessor to § 242(d)(1),] to a habeas petitioner." 329 F.3d at 61-62. In doing so, the Beharry court described its recent decision in Theodoropoulos as having only "treated § 242(d)(1) . . . as a statutory exhaustion requirement when applied to a habeas petition," but not as having "discuss[ed] or consider[ed] the impact of St. Cyr on the applicability of

---

[4] INS v. St. Cyr, 533 U.S. 289 (2001).

§ 242(d)(1) in the habeas context." Beharry, 329 F.3d at 60 n.13; see also id. at 58 n. 12 (describing Theodoropoulos as a case in which the mandate had not yet issued and noting that a "petition for rehearing is sub judice at present"[5]).

Because the Beharry decision does not answer the "question" of whether the statutory exhaustion requirement of 8 U.S.C. § 1252(d)(1) applies to habeas proceedings in light of St. Cyr, this court views Theodoropoulos as controlling.[6] The Second Circuit in Theodoropoulos held that § 1252(d)(1) creates a statutory exhaustion requirement in a habeas corpus petition proceeding.[7] See 313 F.3d 737.

In any event, even assuming that the statutory exhaustion requirement of § 242(d)(1) were deemed not to apply to habeas petitioners, Jordan's failure to exhaust cannot be excused. The Beharry court left the statutory exhaustion question unanswered because it concluded that, even in the absence of a statutory bar, the judicially-created

---

[5] As of the date of this ruling, the petition for rehearing en banc was still pending.

[6] The Theodoropoulos opinion was issued nearly eighteen months after the Supreme Court's decision in St. Cyr.

[7] Even if this court were not bound by Theodoropoulos, it would be inclined to conclude that the discussion in St. Cyr concerning the phrase "judicial review," as opposed to "habeas corpus," 533 U.S. at 311, must be read in the context of the "serious Suspension Clause issue," id. at 305, involved in St. Cyr and the need for a clear and unambiguous statement of habeas repeal. See generally id. at 298-314. As the Beharry court acknowledges, "[a] similar constitutional issue would not arise if we read the exhaustion requirement of § 106(c) [predecessor to 8 U.S.C. § 1282(c) & (d)] to apply to habeas petitioners." 329 F.3d at 61.

doctrine of exhaustion of administrative remedies barred Beharry's claim.  See Beharry, 329 F.3d at 62.  Here, too, the court must dismiss Jordan's petition because, even under "the less stringent judicial exhaustion requirement," id. at 62, Jordan's failure to exhaust his remedies deprives the court of subject matter jurisdiction.

>   According to the Second Circuit in Beharry:
>
>   If an exhaustion requirement is judicially imposed instead of statutorily imposed, a number of exceptions apply that allow courts to excuse a party's failure to exhaust administrative remedies. Specifically, exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.

Id. at 62 (quotation marks omitted).  The court does not find a basis here for applying any of these exceptions.  Clearly, the petitioner's claim that he has not been convicted of an "aggravated felony" is exactly what the IJ was deciding.  It is "a claim that the IJ and the BIA have authority to consider."  Beharry, 329 F.3d at 59 (emphasis in original); see also Booth v. Churner, 532 U.S. 731, 736 n.4 (2001)(exhaustion excused if administrative officer has "no authority to act on the subject of the complaint").  It would not have been futile to raise the issue before the IJ or the BIA, and there was no need for immediate judicial relief.  Finally, the petitioner raises no substantial constitutional question: his petition rests on a statutory claim.  Thus, whether exhaustion is mandated by 8 U.S.C. § 1252(d)(1) or is judicially-created, the court is without jurisdiction and therefore dismisses

the petition.

## III. CONCLUSION

For all of the aforementioned reasons, the petitioner's request for a grant of the writ of habeas corpus [Dkt. No. 1] is denied. The stay of removal entered by the court on March 7, 2003 [Dkt. No. 4] is therefore vacated.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 22nd day of December, 2003.

/s/ Janet C. Hall
Janet C. Hall
United States District Court